

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 21, 1968

Honorable J. K. Williams
Commissioner, Coordinating Board
Texas College & University System
Sam Houston Building
Austin, Texas   78701

Opinion No. M- 237

Re: Whether the Coordinating
Board of the Texas Col-
lege and University Sys-
tem may allocate funds
to the junior colleges
named in the Appropriations
Act (Senate Bill No. 15,
page 157) on the basis
of the larger total of
semester hours taught in
approved courses, includ-
ing those in excess of
18 to any student and
also those in excess of
64 total hours earned
by any student.

Dear Mr. Williams:

In your request for an opinion on the captioned question, you state the following:

"Paragraph 2 of the appropriations to the Texas public junior colleges (page 157 of Senate Bill No. 15 as enacted by the Regular Session of the 60th Legislature, 1967) provides as follows:

"'Paragraph 2.   It is specifically provided that, out of the amount appropriated hereinabove to Bee County Junior College, to Central Texas College, to Galveston Community College, to College of Mainland, and to Tarrant

County Junior College, the amount actually to
be paid in each case shall not exceed:

"'Four Hundred Seventy-five Dollars ($475)
times each of the first four hundred fifty (450)
full-time equivalent students enrolled on the
twelfth class day of the fall semester of 1967,
as determined by the State Auditor, plus Four
Hundred Fifty Dollars ($450) times each full-
time equivalent student in excess of the first
four hundred fifty (450), similarly determined.'

"In accordance with the above provisions
of this Act the State Auditor was asked to
provide us with the enrollment 'as determined
by the State Auditor' and accordingly has fur-
nished us with such full-time student equivalent
enrollment. However, his audited enrollment
data show not only the total semester hours
taught in approved courses for State appropriation
purposes, but breaks out that portion of these
total semester hours which are in excess of 18
for any individual student and in excess of 64
for any student who has or thereafter will have
in excess of 64 total hours earned. He then
suggests that we not fund the institutions
for these hours 'in excess of 18 and in excess
of 64.'

"We request your opinion as to whether the
Coordinating Board may allocate funds to the
colleges specified in paragraph 2 as shown above
on the basis of the larger total of semester
hours taught in approved courses (including
those semester hours which are in excess of
18 to any student and the number of hours taught
to any student who has or thereafter will have
in excess of 64 total hours earned). Our con-
cern is whether the law does not intend that
we fund the junior college for all semester
credit hours produced in approved courses,
regardless of the number of hours taken by

any student as such.

". . ."

The State Auditor has advised you as follows:

"As to your question concerning the basis
for disbursing funds to these Colleges, let me
say that we are sympathetic to the needs of these
schools as expressed by you.  However, without
considering the legal aspects of another approach,
it would seem that funds should be disbursed to
them on the same basis that appropriations were
made to the other public junior colleges for the
fiscal year ending August 31st, 1968.  As you
know, historically these appropriations (includ-
ing those to colleges newly created in recent
years) have been based on the full-time student
equivalents which excluded semester hours taught
in excess of 18 to any student and excluded the
number of hours taught to any student who has or
thereafter will have in excess of 64 total hours
earned."

We have been furnished the audit report of enrollment
records of public junior colleges of Texas for the fall semester
1967, prepared by the State Auditor, which contains the figures
and shows the method of calculation used by the State Auditor
in determining the enrollment records.

The statute under consideration is a part of the
Appropriation-General Act of the 60th Legislature - Regular
Session, 1967, being a portion of Senate Bill No. 15, found
under the subtitle "TEXAS PUBLIC JUNIOR COLLEGES - STATE AID,"
page 157 of said Senate Bill 15, and found on pages 2250-2253
of General and Special Laws of Texas, 60th Legislature - Regular
Session, 1967.

In addition to paragraph 2 of said statute which is
above quoted, we deem the following quoted portions of the
statute to be significant for purposes of this opinion, to-wit:

"Paragraph 4. To be eligible for and to receive an appropriation, a Public Junior College must be certified as required by . . . and comply with the following provisions:

"a. . . .Only student semester hours of enrollment in courses approved for this purpose by the Coordinating Board shall be counted in determining the number of full-time student equivalents for each public junior college, 'full-time student equivalents' being hereby defined as fifteen (15) semester hours of such enrollment.

"b. . . .

"c. . . .

"d. . . .

"e. Report to the Coordinating Board, Texas College and University System at such times and in such manner as said Board may prescribe, the number of semester hours taught in excess of eighteen (18) to any students, and the number of hours taught to any students who have or thereafter will have in excess of sixty-four (64) total hours earned in this and any other accredited college." (Emphasis added.)

It will be noted that even though paragraph 2 provides that the number of full-time equivalent students shall be "as determined by the State Auditor," the Legislature nevertheless specifically defined "full-time student equivalent," resulting in the function of the State Auditor being ministerial rather than discretionary.

We think that a survey of past legislation in regard to appropriations for public junior colleges evidences that since 1955 the Legislature has ceased to require the exclusion of hours over 18 and in excess of 64 from consideration in arriving at the number of full-time student equivalents.

The 47th, 48th, 49th, 50th, and 51st Legislatures
(1941-1949) provided for appropriations of specific amounts
to each of the various junior colleges, but the disbursements
of such appropriations were expressly put on a per capita basis
for each full-time student, with the number of full-time students
to be determined by dividing the total number of semester hours
carried by all students by the number 15, so that each 15 semester
hours of enrollment is equivalent to one full-time student. It
is noted that the per capita amounts increased with each suc-
ceeding Legislature.

The 52nd and 53rd Legislatures provided again for
per capita disbursement, and again the 15 semester hour defini-
tion of full-time student was expressed; however, these two
Legislatures declared that there shall be excepted from the
number of hours to be divided by 15 the following: (a) all
hours over 18 carried by any one student, and (b) all hours
carried by any student who has or thereafter will have in excess
of 66 total hours earned.

The 54th Legislature, for the first time, provided
for no per capita disbursement. In other words, appropriations
were made for each college and there was no provision to the
effect that the appropriations were to be disbursed in accord-
ance with the number of full-time equivalent students. Further-
more, no exception of any kind is made for hours in excess of
18 carried by a student or for total hours in excess of 66 (or
64) earned by any one student. Here, for the first time, the
Auditor is required to report these excess hours over 18 and
64 to the Legislature and to the Texas Central Education Agency,
which at that time had administrative control of junior colleges.
The Act of the 55th Legislature was practically the same as the
54th, except for amounts appropriated.

The 56th, 57th and 58th Legislatures again provided
for no per capita disbursement, with the exception that the 58th
Legislature provided for per capita disbursement for a new junior
college. Here again no exception is made with regard to hours in
excess of 18 and 64 as above described; but each junior college is
required to report the excess hours over 18 and 64 to the Texas
Central Education Agency, at such times and in such manner as
said Agency may direct.

The 59th and 60th Legislatures still provided no per capita formula for disbursement, except with reference to the new junior colleges (see paragraph 2 of the Act of the 60th Legislature above quoted) and with reference to disbursement of the contingency appropriation.  Both os these Legislatures provided for a contingency appropriation, $1,000,000 under the 59th's Act and $1,500,000 under the 60th's Act, and such con- tingencies are to be disbursed on a per capita basis with re- gard to increased enrollments from one fall semester to the next.  Again no exceptions are made with regard to the excess semester hours of enrollment over 18 and 64, respectively; but again reports as to such matters are required by each school to the Coordinating Board, Texas Colleges and University System, at such times and in such manner as said Board shall require.

We have therefore concluded that only in the Acts of the 52nd and 53rd Legislatures have exceptions to disbursements been based on exclusion of hours over 18 taught to any one student and hours over 64 for any student who has or thereafter will have in excess of 64 total hours earned.  (As a matter of fact, these Acts specify 66 total hours rather than 64.)  Beginning with the 54th Legislature, through the 60th Legislature, these matters with respect to hours in excess of 18 and 64, respectively, are merely required to be reported.  Undoubtedly, from information furnished by the Auditor's office, these matters are required to be reported so that they can be taken into consideration with reference to appropriations by the next succeeding Legislature.

Although appropriations apparently have historically been made based on the exclusion of hours over 18 and 64, as aforesaid, there is no history showing that disbursements have been so limited, except under the two Acts of the Legislature in 1951 and 1953, when such exclusions were expressly made a part of the law.  The basis for appropriation may be quite dif- ferent from the basis for disbursement.

As far as disbursement is concerned, the intention of the Legislature must be ascertained from the statute.  The statute is plain and unambiguous, placing disbursement to the new junior colleges on a per capita basis of full-time student equivalents, and with the term "full-time student equivalents" being expressly defined as meaning 15 semester hours of enroll- ment, without any exceptions noted.

Senate Bill No. 15 on the matters herein considered, is plain and unambiguous, and therefore any departmental or administrative construction of it contrary to its plain wording cannot have force of law by reason of practice. An administrative construction of a statute can have force of law only when the statute in question is ambiguous and the administrative construction has been consistent and unequivocal over a long period of time, usually after successive Legislatures have convened. Humble Oil & Ref. Co. v. Calvert, 414 S.W.2d 172 (Tex.Sup. 1967); Texas Railroad Commission v. T.&N.O. Railroad Co., 42 S.W.2d 1091 (Tex.Civ.App. 1931, error ref.).

We thus conclude that the Coordinating Board may allocate funds to the colleges specified in paragraph 2 of the Act of the 60th Legislature on the basis of the larger total of semester hours taught in approved courses, including those semester hours which are in excess of 18 to any student and the number of hours taught to any student who has or thereafter will have in excess of 64 total hours earned. The allotments can be made strictly on the basis of full-time student equivalents, with that term being defined as 15 semester hours of enrollment.

## S U M M A R Y

The Coordinating Board of the Texas College and University System may allocate funds to the junior colleges named in paragraph 2 of the Appropriations Act (Senate Bill No. 15, page 157) on the basis of the larger total of semester hours taught in approved courses, including those in excess of 18 to any student and also those in excess of 64 total hours earned by any student. The number of full-time student equivalents, upon which the allocations are made, should be determined by the State Auditor, but the State Auditor must consider 15 semester hours of enrollment as being a full-time student equivalent, without excluding hours in excess of 18 carried by any student and without excluding total hours in excess of 64 earned by any student.

Very truly yours,

*Crawford C. Martin*

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Alfred Walker
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Pat Bailey
Joe L. Clayton
Arthur Sandlin

A. J. CARUBBI, JR.
Executive Assistant